**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CHARLES LUTTRELL,**

        **Plaintiff,**

    **v.**                                **CASE NO. 10-3137-SAC**

**CORRECTIONS CORP.**
**OF AMERICA, et al.,**

        **Defendants.**

### O R D E R

This civil rights complaint was filed pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983 by an inmate of the Corrections Corporation of America (CCA) facility in Leavenworth, Kansas. Plaintiff names as defendants "CCA" and "John &/or Jane Does" to "be named in an Amended Complaint after initial discovery." The court finds this complaint is deficient in several respects.

As supporting facts, plaintiff alleges as follows. He was incarcerated at the CCA from February 12, 2010, through March 4, 2010, and from April 22, 2010, to the present. He has medical conditions, which he lists as cancer; hip, back and pelvic pain from fractures suffered in an accident; as well as bi-polar disorder and "ADD". He has been prescribed medication and treatment by Dr. Groete and Dr. McCandless, but it has been denied. He has been given the wrong medication and wrong dosage, and has been placed in isolation to receive pain medication. He had a tumor surgically removed, but could not "get fresh bandages resulting in severe infection". He "caught MSRA". He was denied glasses for over 10 weeks causing severe head and eye aches.

Mr. Luttrell asserts that he is being subjected to cruel and

unusual punishment, and that "CCA" committed medical malpractice and negligence, and violated the Kansas Constitution[1]. He also cites "the Kansas Common Law Tort Claims".

In addition, plaintiff claims his legal mail is being tampered with, and his "commissary" including "basic hygiene supplies" are being withheld. He asserts that this also amounts to cruel and unusual punishment and punishment without due process.

Finally, plaintiff generally claims that "CCA" disregards administrative remedies to the point that they are futile, and retaliates when the grievance procedure is used. He asserts that his right to petition the government is being denied.

Mr. Luttrell seeks a "restraining order" and preliminary and permanent injunctive relief, as well as damages plus costs.

Plaintiff has not filed a motion for preliminary injunction and has not alleged any facts to establish those factors which must be shown in order for him to be entitled to extraordinary preliminary relief. The court will not grant such relief unless an adequate motion for preliminary injunction is filed.

**APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES**

At the outset the court informs plaintiff that the fee for filing a civil rights complaint is $350.00. He has filed an Application to Proceed Without Prepayment of Fees; however, he is forewarned that under 28 U.S.C. § 1915(b)(1), being granted leave to proceed without prepayment of fees will not relieve him of the obligation to pay the full amount of the filing fee. Instead, it

---

[1] Claims of medical malpractice, negligence and violations of state laws must be litigated in state, not federal, court.

entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2)[2]. Furthermore, § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In addition, once the court receives plaintiff's financial information, it may assess an initial partial filing fee that must be submitted before this action may proceed.

Plaintiff has not provided financial information in an inmate account statement from each place in which he was incarcerated for the preceding six-month period. His conclusory statement on a sheet with his account balance that "staff here refuse to provide" a better statement is not sufficient given that numerous other inmates have obtained and provided this information. This action may not proceed unless and until plaintiff provides the financial information required by federal law or makes an adequate showing that he cannot provide this information due to circumstances beyond his control. To make the latter showing, he must submit documentation or summaries of his efforts, including names, dates, and content of his requests to particular staff and of any denials, to obtain the requisite financial information. He will be given

---

[2] Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is currently confined may be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

3

time to do so, and is forewarned that if he fails to comply with the provisions of § 1915 in the time allotted, this action may be dismissed without further notice.

**SCREENING**

Because Mr. Luttrell is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

**FAILURE TO NAME PROPER DEFENDANT AND TO STATE SUFFICIENT FACTS**

In order to state a valid claim under either § 1331 or § 1983, a plaintiff must name the person or persons who actually participated in the violation of his constitutional rights and allege sufficient facts showing that the acts or omissions of that person amounted to a federal constitutional violation.  A pro se complaint must be given a liberal construction.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, conclusory allegations are not sufficient to state a claim; and the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).  The only defendant named by plaintiff is "CCA".  "CCA" is a private corporation rather than a "person", and is not a proper defendant in this suit for money damages and injunctive relief.

In order to recover on claims of denial of medical treatment, plaintiff must name as defendant the person or persons who actually denied him prescribed medication and necessary treatment. In addition, he must allege facts showing the personal participation of each person named as defendant by describing the acts or omissions of each individual defendant including the dates and times of each incident, the medical request or symptom involved, and other facts showing how the acts of each defendant violated plaintiff's federal constitutional rights. To do this now, he must file an "Amended Complaint" in which all defendants are named in the caption.[3]

Plaintiff's claims of the withholding of hygiene supplies and commissary items and mail tampering also fail to name a proper defendant and show his or her actual participation, and do not include dates and circumstances. Moreover, these claims are not shown to be properly joined with his claims of denial of medical treatment. Plaintiff is given the opportunity in his "Amended Complaint" to allege facts showing that joinder of these claims is proper and to cure the deficiencies in these claims, or they shall be dismissed.

As noted, plaintiff is given time to file an "Amended Complaint" curing the deficiencies in his complaint. If he fails to comply with this Order within the time allotted, this action may be dismissed without further notice.

---

[3] This must be submitted on forms provided by the court, and plaintiff must write the case number of this action and "Amended Complaint" at the top of the first page of the form. In addition, plaintiff may not simply refer to the original complaint, but must fully answer all questions on the "Amended Complaint" and set forth therein all claims and supporting facts in the "Amended Complaint." Once an Amended Complaint is filed, the original complaint is no longer considered. Thus, any claims or allegations not made in the "Amended Complaint" will not be before the court.

5

**FAILURE TO SHOW ADMINISTRATIVE REMEDIES ARE FUTILE**

Plaintiff is required to exhaust all available administrative remedies on all his claims prior to bringing an action in federal court. He states that he has not fully exhausted such remedies. His conclusory statements that the CCA disregards grievances and retaliates for them are not supported by any facts whatsoever. They are therefore not only insufficient to state a federal constitutional claim[4], but are also insufficient to excuse the exhaustion prerequisite on all his claims in this case. He must provide the court with exhibits of his grievances and any administrative responses showing that he has attempted to exhaust administrative remedies on each of the claims he raises in his complaint, or provide the dates and summarize the contents of each grievance, name the person each grievance was addressed to, and name the person who responded, as well as the substance of each response. He also must describe any effort he made to continue to the next level if any grievance was not addressed in a timely fashion, or to appeal any denial.

Plaintiff will be given time to show full exhaustion of administrative remedies or to provide facts proving that the process is futile. If he fails to make this showing within the allotted time, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted twenty (20) days in which to satisfy the statutory requirement that he provide

---

[4] Moreover, there is no independent federal constitutional right to a prison grievance process. An inmate does have a right of access to the courts, but to show denial of this right he must demonstrate actual damage. That is, he must show that a non-frivolous case of his was impeded by acts of defendants.

particular financial information to support his motion to proceed without prepayment of fees, or this action will be dismissed.

**IT IS FURTHER ORDERED** that within the same twenty-day period, plaintiff is required to file an "Amended Complaint" that cures the deficiencies in his original complaint.

**IT IS FURTHER ORDERED** that within the same twenty-day period, plaintiff must provide facts or exhibits showing cause why this action should not be dismissed for failure to exhaust administrative remedies on all his claims.

The clerk is directed to send plaintiff § 1331 forms for use in filing an "Amended Complaint."

**IT IS SO ORDERED**.

Dated this 16th day of July, 2010, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge