IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHARLES LUTTRELL,**

          **Plaintiff,**

          v.                    CASE NO. 10-3137-SAC

**DR. (FNU) GROETE,**
**et al.,**

          **Defendants.**

## O R D E R

This matter is before the court for screening of plaintiff's Amended Complaint as well as his Motion for Preliminary and Permanent Injunctive Relief and Motion to Appoint Counsel. Having considered these pleadings, the court finds as follows.

The court has screened plaintiff's Amended Complaint and finds that plaintiff has failed to allege facts showing the personal participation of the following defendants: John/Jane Does; FNU LNU Managing Director of Facility Operations, CCA; FNU LNU Regional Medical Director, CCA; Warden Shelton Richardson, CCA; and Mindy Graham, Health Services Administrator, CCA. Plaintiff alleges that he was denied medications "based upon policies, orders, practices and procedures eminating (sic) from Defendants Managing Director of Facility Operations; Regional Medical Director, Shelton Richardson, Warden of CCA; Mindy Graham – Health Services Administrator," and that they facilitated the denial of his medications. However, these statements are completely

conclusory. Plaintiff does not describe any such policy or procedure or allege facts showing that an unconstitutional policy was applied to him by these defendants. A policy by which certain medications must be approved is not per se unconstitutional. Plaintiff describes no acts by any John or Jane Doe, and has provided no information that would allow service upon these unnamed defendants. Plaintiff was plainly informed in the court's prior screening order that conclusory allegations were insufficient and that he must allege facts showing each defendant's personal participation. Accordingly, the court dismisses this action as against these defendants.

Plaintiff's Motion for Preliminary and Permanent Injunctive Relief is denied. A party seeking a preliminary injunction or temporary restraining order "must demonstrate four factors: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest." RoDa Drilling Co. v. Siegal, 552 F.3d 1203, 1208 (10th Cir. 2009)(citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008)); Schrier v. University of Co., 427 F.3d 1253, 1258 (10th Cir. 2005); Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir. 2001). The Tenth Circuit has made it clear that "because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC, 562 F.3d 1067, 1070 (10th Cir. 2009)(quoting

2

Greater Yellowstone Coalition v. Flowers, 321 F.3d 1250, 1256 (10th Cir. 2003))(internal quotation marks omitted).

In his motion, plaintiff's allegation that harm is imminent is completely conclusory. He alleges no facts establishing that he will suffer irreparable injury in the absence of preliminary relief. He does not even describe what serious medical condition(s) he been diagnosed with for which certain medications were prescribed or name the medications that allegedly have been denied. He provides some facts and dates in his Amended Complaint indicating he was deprived of medication for brief periods and mentions the condition "ADD." But see Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 811 (10th Cir. 1999)("[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation."). Accordingly, the court finds that plaintiff does not allege sufficient facts in his Amended Complaint regarding his condition(s) and prescribed medication(s) for the court to determine that the equities balance in his favor or what effect preliminary relief may have upon the public interest. In any event, it appears that Mr. Luttrell is no longer incarcerated at the CCA-Leavenworth, which means his claims for injunctive relief are moot. Plaintiff's allegations that he was prescribed medication by doctors at the CCA and that the prescribed medication was destroyed and/or denied are sufficient to require a response, but are not sufficient to establish that he is likely to succeed on the merits or is entitled to extraordinary preliminary relief.

The court has considered plaintiff's Motion to Appoint Counsel, and finds that it should be denied. There is no constitutional right to appointment of counsel in a civil case. Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir. 1989); Carper v. Deland, 54 F.3d 613, 616 (10th Cir. 1995). Thus, the decision whether to appoint counsel lies in the court's discretion. Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claims to warrant the appointment of counsel." Steffey v. Orman, 461 F.3d 1218, 1223 (10th Cir. 2006), *citing* Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004). In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." Rucks, 57 F.3d at 979; Hill, 393 F.3d at 1115. Considering the above factors, the Court concludes in this case that (1) the merits of plaintiff's claims are not clear at this juncture; (2) the issues are not complex; and (3) plaintiff appears capable of adequately presenting the facts underlying his claims. Moreover, plaintiff makes no showing that he has made any attempt to retain counsel. Thus, the Court denies plaintiff's motion for appointed counsel at this juncture. However, this denial is without prejudice.

The court finds that proper processing of plaintiff's claims cannot be achieved without additional information from appropriate officials of the Correctional Corporation of America

4

facility in Leavenworth, Kansas (CCA-Leavenworth). See <u>Martinez v. Aaron</u>, 570 F.2d 317 (10th Cir. 1978); <u>see</u> also <u>Hall v. Bellmon</u>, 935 F.2d 1106 (10th Cir. 1991).

**IT IS THEREFORE BY THE COURT ORDERED** that this action is dismissed and all relief is denied as against the following defendants: John/Jane Does; FNU LNU Managing Director of Facility Operations, CCA; FNU LNU Regional Medical Director, CCA; Warden Shelton Richardson, CCA; and Mindy Graham, Health Services Administrator, CCA.

**IT IS FURTHER ORDERED that**

(1) The clerk of the court shall prepare waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Procedure, to be served by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs. The report required herein, shall be filed no later than sixty (60) days from the date of this order, and the answer shall be filed within twenty (20) days following the receipt of that report by counsel for defendants.

(2) Officials responsible for the operation of the CCA-Leavenworth are directed to undertake a review of the subject matter of the complaint:

(a) to ascertain the facts and circumstances;

(b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(C) to determine whether other like complaints, whether

pending in this court or elsewhere, are related to this complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendant's answer or response to the complaint. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any tapes of the incident underlying plaintiff's claims shall also be included.

(4) Authorization is granted to the officials of the CCA-Leavenworth to interview all witnesses having knowledge of the facts, including the plaintiff.

(5) No answer or motion addressed to the complaint shall be filed until the <u>Martinez</u> report requested herein has been prepared.

(6) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendant's answer or response to the complaint and the report required herein. This action is exempted from the requirements imposed under F.R.C.P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that plaintiff's Motion for Preliminary and Permanent Injunctive Relief (Doc. 11) and his Motion to Appoint Counsel (Doc. 12) are denied.

Copies of this Order shall be transmitted to plaintiff and to defendants.

**IT IS SO ORDERED.**

Dated this 14th day of January, 2011, at Topeka, Kansas.


                                             <u>s/Sam A. Crow</u>
                                             U. S. Senior District Judge