IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF KANSAS


**CHARLES LUTTRELL,**

                **Plaintiff,**

        **v.**                              CASE NO.  10-3137-SAC

**(fnu) Groete,**
**Physician, CCA,**
**et al.,**

                **Defendants.**

                         **O R D E R**

    This civil rights action is before the court upon Plaintiff's Motion for Reconsideration and Objections (Doc. 14), Motion for Leave of Court to File Suggestions (Doc. 22) in support of Motion for Reconsideration and Objections, and Suggestions (Doc. 15) in Support of Motion for Reconsideration and Objections.  The court grants plaintiff's Motion for Leave, and notes that his Suggestions were submitted days thereafter and have been filed and considered.  It follows that no extension of time is necessary.

    Plaintiff seeks reconsideration of several rulings in the court's screening orders.  The court is asked to reconsider its dismissal of plaintiff's claims for injunctive relief based upon its finding that Mr. Luttrell was no longer confined at the CCA.  Plaintiff states that he was still confined at the CCA at the time of the court's rulings and that this finding was erroneous.  However, plaintiff has since filed a Notice of Change of Address (Doc. 21), indicating that he is no longer at the CCA.  Accordingly, the court finds that his motion for reconsideration of the court's dismissal of his claims for injunctive relief is not warranted.

Plaintiff asks the court to reconsider its dismissal of "all of the dismissed defendants." He again makes the bald claim that they "are responsible for the training, supervision and controlling of the other defendants." However, no additional facts linking these individuals with any denial of medication or treatment to Mr. Luttrell is provided. In fact, plaintiff again attributes the denial of his medication to an LPN ordering a doctor around or an unspecified policy. The court finds that no grounds for reconsideration of its dismissal of these defendants is presented.

Plaintiff is reminded that he may not add claims to his complaint without submitting a Motion to Amend to which is attached a complete Amended Complaint on court-approved forms. He is also reminded to place the correct case number on all pleadings that he submits.

Plaintiff's "Suggestions" that he might also proceed under the Federal Tort Claims Act, and his requests for "limited discovery" or for the appointment of counsel are not properly raised in a motion for reconsideration. The court reiterates that if plaintiff wishes to add claims to this action, such as a claim against the United States under the FTCA, he must file a Motion to Amend with a complete Amended Complaint attached. Any other action Mr. Luttrell wants the court to take, such as allowing discovery or appointment of counsel, must be sought by filing a proper motion in which the court is asked to take particular action. The court finds no grounds are stated that would justify its reconsideration of its denial of plaintiff's first request for appointment of counsel. The court concludes that plaintiff's Motion for Reconsideration should be denied.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted, and plaintiff is assessed the full filing fee herein of $350.00, less the partial payment that he has already submitted of $25.00, with payments to be automatically collected from his inmate account.[1]

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to File Suggestions (Doc. 22) is granted to the extent that his Suggestions have been accepted for filing and considered, and denied as moot to the extent that he seeks an extension of time.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Reconsideration (Doc. 15) is denied.

**IT IS FURTHER ORDERED** that the screening process under 28 U.S.C. § 1915A having been completed, this matter is returned to the clerk of the court for random reassignment pursuant to D. Kan. R. 40.1.

The clerk is directed to transmit a copy of this Order to the finance office at the institution where plaintiff is currently confined.

**IT IS SO ORDERED.**

Dated this 29th day of March, 2011, at Topeka, Kansas.

---

[1] Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

s/Sam A. Crow
U. S. Senior District Judge